IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DR. SAEED MAHMOODIAN,<br><br>              *Plaintiff,*<br><br>v.<br><br>MANSOUREH PIRNIA, ET AL.,<br><br>              *Defendants.* | CASE NO. 3:11-cv-00005<br><br>OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on Plaintiff's Second Motion for Entry of Default and Default Judgment [docket no. 16]. "Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quotations omitted). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits," entry of default judgment is committed to the discretion of the trial court. *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

      On June 14, 2011, pursuant to the stipulation of the parties in this matter, I authorized an extension of the time for Defendants to respond to Plaintiff's First Amended Complaint to July 12, 2011 [docket no. 15]. Since the issuance of that Order, Defendants have not properly appeared or otherwise responded to Plaintiff's amended complaint. Therefore, Defendants appear to be in default.

      Ordinarily, before a party can move for default judgment, the clerk of the court must enter the nonmoving party's default. Fed. R. Civ. P. 55(a). In this matter, the clerk has not

entered Defendants' default; rather, Plaintiff has simultaneously moved for entry of default and default judgment. In so doing, Plaintiff has not conformed to Rule 55. Nevertheless, "the failure to request an entry of default prior to seeking a default judgment is an insubstantial procedural error that will not preclude the granting of a default judgment." *Delta-T Corp. v. Pac. Ethanol, Inc.*, No. 3:09-cv-388, 2010 WL 1816402, at *3 n.1 (E.D. Va. May 5, 2010) (citing *Town and Country Kids, Inc. v. Protected Venture Inv. Trust 3 1, Inc.*, 178 F.R.D. 453, 454 (E.D. Va. 1998). Consequently, it is within my authority to grant Plaintiff's Second Motion for Entry of Default and Default Judgment.

However, out of an abundance of caution, Defendants may file a pleading with the Court showing why default judgment should not be entered against them. Such pleading should be filed within ten (10) days of entry of this Order.

It is so ORDERED.

The Clerk shall certify copies of this Order to the Defendants and all counsel of record.

Entered this __12th__ day of September, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE