# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DR. SAEED MAHMOODIAN, *Plaintiff,* v. MANSOUREH PIRNIA, ET AL., *Defendants.* | CASE NO. 3:11-cv-00005 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is again before the Court on Plaintiff's Second Motion for Entry of Default and Default Judgment (docket no. 16). I have fully considered the arguments and authorities set forth in the parties' filings. For the following reasons, I will grant in part and deny in part Plaintiff's motion.

## I. BACKGROUND

On January 27, 2011, Dr. Saeed Mahmoodian ("Plaintiff") filed a Complaint alleging copyright infringement by Mansoureh Pirnia ("Ms. Pirnia"), Daryoush Pirnia ("Mr. Pirnia"), and Mehr Iran Publishing Company, Ltd. (collectively, "Defendants") (docket no. 1). Plaintiff amended his complaint on April 25, 2011, and served it on Defendants on May 5, 2011 (docket no. 8, 13). At this point, according to the parties, some degree of settlement negotiation commenced. On June 14, 2011, I granted the parties' stipulation extending the time for Defendants to respond to Plaintiff's First Amended Complaint to July 12, 2011 (docket no. 15).

According to the parties, settlement discussions continued intermittently throughout July and part of August. However, by September 7, Defendants had still not responded, retained counsel, or entered an appearance. On that date, Plaintiff filed the motion presently before the Court.

On September 12, 2011, I entered an Order directing Defendants to show, within ten days, why they should not be found to be in default in this matter (docket no. 17). In accordance with that Order, Ms. Pirnia, who is President of Defendant Mehr Iran Publishing Company, Ltd., filed a pro se response on September 22, 2011 (docket no. 19). In it, she requests, on behalf of all Defendants in this matter, an additional thirty days to retain local counsel and to file a response to Plaintiff's First Amended Complaint.[1] Additionally, she includes the declaration of Cyrus Zal ("Zal Decl."), an attorney who is not admitted to practice in this district, but who represents that he has been assisting Defendants in some capacity in their settlement negotiations with Plaintiff. Plainly, these negotiations have not proven fruitful thus far.

## II. APPLICABLE LAW

As a general matter, there is an unmistakable preference that "defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Notwithstanding this preference for merits-based adjudication, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In deciding whether to direct that entry of default be made as to a party, a district court must exercise "sound discretion." *Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955). If, in exercising this

---

[1] Mr. Pirnia also filed on that date a pleading, styled as a Motion for Joinder, in which he too requests a thirty-day extension of time to file a response to Plaintiff's First Amended Complaint. This motion is disposed of in a separate order of this Court.

discretion, it is apparent that default would be set aside upon subsequent motion of the party, the court should not direct entry of default. *Id.*

Default may be set aside for "good cause." Fed. R. Civ. P. 55(c). In applying this rather ambiguous standard, "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

### III. DISCUSSION

#### A.

If Defendants are technically in default pursuant to Rule 55(a), and yet it is likely that they would prevail in showing good cause to set aside an entry of default upon a subsequent motion, I will not direct the clerk to enter it. Thus, in order to determine whether Defendants should be found to be in default, I must examine the factors set forth in *Payne*.

1. Meritorious Defense

To the extent that Defendants have raised any defenses to Plaintiff's copyright infringement claims, they have not been asserted in a motion or an answer. Rather, they are loosely referred to in the declaration of Mr. Zal that accompanies Ms. Pirnia's response seeking an extension of time. Nevertheless, out of an abundance of caution, and because Ms. Pirnia files her response pro se, I will address them briefly.

First, Mr. Zal states barely, without any further support, that Plaintiff "consented to the alleged publication of which plaintiff now complains of copyright violations." Zal Decl. at ¶7. Plaintiff disputes that Defendants ever received permission to publish his copyrighted materials.

– 3 –

In support thereof, Plaintiff attaches to his rebuttal brief a document, labeled Exhibit A, which is a letter to a third-party, Dr. Mesbah. In the letter, Plaintiff states that he is providing his book to Dr. Mesbah in order to help Dr. Mesbah with research for a different book. Plaintiff argues that no copyrights were conveyed to Dr. Mesbah, much less to Defendants for unattributed publication.[2] Taking the facts here in the light most favorable to Plaintiff, and in the absence of any contrary evidence submitted by Defendants, I find that there is no evidence that Plaintiff gave Defendants permission to use his copyrighting materials.

Second, Mr. Zal states that Defendants incurred an overall loss in publication of the book that is the subject of this action, "and hence there are no profits for defendants to share with plaintiff even if a copyright violation by defendants is found in this matter." Zal Decl. at ¶7. However, lack of profit is not a defense to copyright infringement; an infringer of copyright is liable for either actual damages and additional profits *or* statutory damages. 17 U.S.C. § 504(a). Therefore, lack of profit is not a meritorious defense to the extent it is asserted by Defendants to be one.

Third, in her filing, Ms. Pirnia states that she and her husband, Mr. Pirnia, reside in Maryland, and that Mehr Iran Publishing Company, Ltd. is a registered Maryland business entity. Although she does not state it explicitly, Ms. Pirnia intimates that venue may be improper in this case. In fact, Mr. Zal does overtly raise this issue. Zal Decl. at ¶8. The Federal Rules of Civil Procedure permit a party to assert improper venue as a defense to a claim for relief. Fed. R. Civ. P. 12(b)(3). However, a party waives this defense either by failing to make a motion objecting to venue or failing to include the defense in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B). In the case at hand, Defendants have done neither. In such an instance, nothing

---

[2] The precise relationship between Dr. Mesbah and Defendants is not explained by Plaintiff or Defendants.

"shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b). Therefore, Defendants' suggestion that venue is improper, even when construed as an argument, cannot in itself provide a compelling reason to grant the extension of time they seek and to deny Plaintiff's motion in its entirety.

### 2. Reasonable Promptness and History of Dilatory Action

Defendants were served with Plaintiff's initial Complaint over seven months ago in January 2011. Further, Plaintiff served Defendants with summonses and his First Amended Complaint over four months ago in May 2011. In the time since, Defendants have failed to retain local counsel and waited until September 22 to finally enter an appearance pro se. Moreover, despite generous extensions of time given by this Court and Plaintiff to file a responsive pleading, Defendants have still made no such filing. Rather, they request yet another month to do so, notwithstanding the fact that a defendant must typically serve an answer within twenty-one days after being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). All the while, Defendants have been receiving legal advice, in some capacity, from Mr. Zal, who should have been aware that Defendants' lack of promptness was putting them in jeopardy of being found in default. Ultimately, I find that Defendants have been dilatory in virtually all aspects of this case to date.

### 3. Personal Responsibility of Defaulting Party

Generally, parties should not be permanently disadvantaged in litigation because of mistakes made completely and solely by their counsel. *See, e.g.*, *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982) ("Additionally, justice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary

termination of proceedings."). In the instant case, it is clear to this Court that Defendants have been represented to some degree by Mr. Zal; however, Defendants have put forth no evidence that they were unaware of the deadlines and extensions of time that have lapsed during the pendency of this case thus far. Indeed, the fact that Ms. Pirnia and Mr. Pirnia filed their requests for an extension of time on the last possible day as prescribed by my September 12 Order indicates that Defendants were, in fact, well aware that entry of their default was imminent. Therefore, Defendants cannot argue in good faith that anyone else is to blame for their default. Moreover, Defendants must bear the responsibility of having failed to retain local counsel despite having been aware of this action since at least January 31 when Plaintiff served them with his initial Complaint.

### 4. Prejudice to the Party

To be sure, Plaintiff has endured delay in this case that has frustrated his attempts to obtain relief for the alleged infringement of his copyright. However, it is important to note that "delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad.*, 616 F.3d at 418. The question, therefore, is whether declining to grant Plaintiff's motion for the entry of default would result in undue prejudice. I find that it would not.

While granting Defendants an extension of time to file a responsive pleading—and thus an extension of time to defend this case on the merits—would be imprudent upon consideration of other factors set forth in *Payne*, it cannot be said that doing so would unduly prejudice Plaintiff. *See, e.g.*, *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) ("As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits."). In *Colleton Preparatory Academy*, the court addressed this very point and stated that "as obvious as it may be, it bears

– 6 –

mention that no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." 616 F.3d at 419. In other words, requiring Plaintiff to proceed and prove his case would not, in itself, constitute prejudice in the case at hand.

### 5. Less Drastic Sanctions

Defendants have not suggested any alternative form of sanction in place of an entry of default; rather, they have simply asked for a sanction-free extension of time to accomplish that which they have already been given many months to do. Plaintiff is correct that granting Defendants' request for such an extension would not penalize Defendants at all for flouting the Federal Rules of Civil Procedure and this Court's deadlines. Indeed, to give Defendants more time would be to reward them for their dilatory conduct. What is more, an extension of time would actually serve to penalize Plaintiff, who has been waiting since January for a responsive pleading. Similarly, were I simply to award Plaintiff costs and attorney's fees associated with litigating his Second Motion for Entry of Default and Default Judgment, Defendants—as well as those similarly-situated going forward—would not adequately appreciate the importance of adhering to deadlines. Ultimately, judgment by default,

> the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

**B.**

Based on Rule 55(a), and application of the *Payne* factors, I find that Defendants are in default; they have taken no action to respond to Plaintiff's First Amended Complaint and have sought to otherwise defend themselves only by seeking more time to retain local counsel and file

– 7 –

a responsive pleading. Moreover, I find that Defendants are personally aware of their lack of conformity to the deadlines set forth by this Court and the Federal Rules of Civil Procedure over the last several months. At this stage, granting Defendants' request for more time would be tantamount to a reward for their dilatory conduct and a penalty to Plaintiff.

After finding Defendants to be in default, it is within my authority to enter a default judgment in Plaintiff's favor. Fed. R. Civ. P. 55(b). However, the decision to do so is discretionary; "entry of default does not automatically entitle the nondefaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." *Valley Oak Credit Union v. Villegas (In re Villegas)*, 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991). Indeed, a district court may conduct a hearing in order to enter or effectuate judgment following the entry of default. Fed. R. Civ. P. 55(b)(2). In this case, such a hearing is appropriate given that Plaintiff requests multiple forms of relief, including damages that Defendants evidently contest. *See* Zal Decl. at ¶7 (stating that "defendants incurred an overall loss in the publication of the book . . . and hence there are no profits for defendants to share with plaintiff . . .").

## IV. CONCLUSION

For the reasons stated herein, I will grant in part and deny in part Plaintiff's Second Motion for Entry of Default and Default Judgment. I find Defendants to be in default and direct the Clerk of the Court to enter it; however, I will wait to enter a default judgment order until after a hearing has been conducted on the various forms of relief requested by Plaintiff.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to Defendants and all counsel of record.

Entered this __30th__ day of September, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE